# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA GEEDY,<br><br>    Plaintiff,<br><br>    v.<br><br>LELAND DUDEK, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | CIVIL ACTION NO. 1:24-CV-1674<br><br>(SAPORITO, J.)<br>(BLOOM, C.M.J) |

## ORDER

Now before the court is a report and recommendation of United States Chief Magistrate Judge Daryl F. Bloom, in which he recommends that the decision of the Commissioner in denying the plaintiff's claim for disability benefits be affirmed. (Doc. 13).

Judge Bloom's report and recommendation concerns the plaintiff's appeal of the Administrative Law Judge's ("ALJ") decision to deny the plaintiff's claim for disability benefits. Upon review of the record and in light of the plaintiff's objections, Judge Bloom found that the ALJ's decision was supported by substantial evidence. Pertinent to the plaintiff's specific objections, Judge Bloom found that the ALJ appropriately considered the limitations set forth in Dr. Schnepp's

medical opinion when denying the plaintiff's claim, and moreover, the ALJ's finding that the plaintiff could perform her past work as a newspaper deliverer at most constituted, at most, a "harmless error."

The plaintiff has filed her objections to Judge Bloom's report and recommendation. (Doc. 14). She objects to the following: (1) the analysis of the opinion of Dr. Schnepp; (2) the influence of the plaintiff's ability to partake in the activities of daily living in the ALJ's decision; (3) the assessment of the plaintiff's limitation in maintaining concentration, persistence, and pace; and (4) the failure to fully address the plaintiff's ability to perform work. However, as Judge Bloom noted, our job is not to "re-weigh the evidence" in the record. (Doc. 13, at 18). Instead, we must determine whether the ALJ's decision is accompanied by "a clear and satisfactory explication of the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).

After conducting a de novo review of the contested portions of the report, we deem the plaintiff's objections to be unpersuasive. *See* 28 U.S.C. § 636(b)(1); *United States v. McLaughlin*, 607 F. Supp. 3d 522, 529 (M.D. Pa. 2022). We find, as Judge Bloom did, that substantial evidence supported the ALJ's evaluation of the underlying case. Therefore, we

conclude that following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find Judge Bloom's analysis to be well-reasoned and fully supported by the record and applicable law. Accordingly, the court will adopt the report and recommendation in its entirety as the decision of the court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The report and recommendation of Judge Bloom (Doc. 13) is **ADOPTED**;

2. The decision of the Commissioner is **AFFIRMED**;

3. The plaintiff's appeal is **DENIED**; and

4. The Clerk is directed to close this case.

Dated: May __9__, 2025

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge